IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO-BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL J. CRAIG, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 1:20-cv-137 |

**O R D E R**

Plaintiff filed a Motion requesting various forms of relief.[1]  Doc. 22.  Plaintiff also filed a "Second Supplement to Original Complaint."  Doc. 26.  For the reasons set forth below, I:

(1)    **DENY** Plaintiff's request for additional time to amend his Complaint and **STRIKE** Plaintiff's Second Supplement to Original Complaint;

(2)    **DENY** Plaintiff's Motion to Move Venue to Washington, D.C.; and

(3)    **DENY** Plaintiff's Motion for Official Criminal Investigation.

**BACKGROUND**

Plaintiff, proceeding pro se, filed a Complaint on September 30, 2020.  Doc. 1.  Plaintiff filed a supplement to his Complaint on October 7, 2020.  Doc. 8.  Plaintiff names at least 35 Defendants, including various state judges, federal judges, deputy marshals, insurers, county

---

[1] Plaintiff also filed a request for the Court to docket the transcript of a June 19, 2019 motions hearing before the Superior Court of Fulton County.  Doc. 13.  Plaintiff attached a 45-page hearing transcript.  Id. at 3–48.  Plaintiff does not explain the significance of this transcript or why he needs to file it.  Nevertheless, the Clerk of Court filed Plaintiff's request on the docket, including the entire transcript.  I, therefore, **DENY as moot** Plaintiff's request at Docket Number 13.  The parties may cite to this transcript as necessary; however, the Court makes no determination at this time as to the transcript's relevance, authenticity, or admissibility.

commissioners, private individuals, and corporations. Plaintiff's factual allegations and claims for relief are vague and hard to follow. Plaintiff seems to allege, among other things, Defendants colluded to wrongfully dismiss different legal actions Plaintiff filed in the Superior Court of Richmond County. Id. at 1–15. It is unclear whether Plaintiff intended to file all of his claims in this Court or the Georgia Court of Appeals. Plaintiff cites the Georgia Civil Practice Act and the Georgia Appellate Procedure Act and calls for appellate review of a least one state court action. See id. at 6.

On November 20, 2020, the Court found Plaintiff's Complaint is an impermissible shotgun pleading and ordered Plaintiff to file an Amended Complaint within 14 days. Doc. 18. The Court ordered Plaintiff to submit an Amended Complaint in compliance with Federal Rule of Civil Procedure 8. Id. at 3–4. The Court directed Plaintiff not to rely on references to attachments and to name all Defendants in the body of the Amended Complaint. Id. at 3–4. Plaintiff failed to file an Amended Complaint within 14 days.

On December 7, 2020, instead of filing an Amended Complaint, Plaintiff filed this Motion. Plaintiff requests additional time to amend his Complaint, the recusal of District Judge R. Stan Baker and Magistrate Judge Brian K. Epps,[2] a transfer of venue to the United States District Court for the District of Columbia, and a criminal investigation of various courts of Georgia and the United States. Doc. 22. Plaintiff claims he has personal knowledge about Judge

---

[2] I **DENY as moot** Plaintiff's motion for the recusal of Judge Baker and Judge Epps because they are no longer assigned to this case and Judge Epps already recused himself from the case. See Wilson v. Apex Reporting Grp., Inc., No. 18-12875-A, 2019 WL 11866784, at *1 (11th Cir. Jan. 7, 2019) (holding a motion for recusal was properly denied where "there was no matter pending before the magistrate judge from which he could be recused"); Doc. 27. Although other judges have been assigned to Plaintiff's civil cases in the past, this case is now before Chief Judge J. Randal Hall and referred to the undersigned for pretrial matters. Furthermore, I **DENY** Plaintiff's related request to set aside and vacate all Orders in this case because it is entirely baseless.

2

Epps, Judge Epps's family, and Judge Epps's neighborhood, apparently threatening to malign or otherwise harm Judge Epps.

Plaintiff filed a "Second Supplement to Original Complaint" on December 18, 2020. Doc. 26.  This filing references only two Defendants and appears to incorporate by reference paragraphs in the original Complaint or some other document.

The statements against Judge Epps in Plaintiff's December 7, 2020 Motion triggered a criminal investigation.  United States v. Harpo-Brown, Criminal Action No. 1:21-cr-2 (S.D. Ga. Feb. 14, 2022).  The proceedings in this civil case were stayed for two years until Plaintiff's criminal case was resolved.  See Docs. 32, 41.

Plaintiff's criminal prosecution is not a basis for denying this Motion in Plaintiff's civil case.  However, I must consider the content of Plaintiff's arguments to rule on his Motion.

## DISCUSSION

### I. Request for Additional Time to Amend

Plaintiff requests more time to amend his Complaint because he only received a copy of the Order requiring an Amended Complaint on approximately December 1, 2020, and the Order required compliance by December 4, 2020.  Doc. 22 at 1.

Courts may extend filing deadlines when a party makes a timely request and shows good cause to do so. Fed. R. Civ. P. 6(b)(1)(A).  Thus, "[a] request for an extension, made before the expiration of the deadline, should be granted where good cause is shown." Sensi v. Fla. Officers of Ct., 737 F. App'x 433, 436 (11th Cir. 2018) (citing Fed. R. Civ. P. 6(b)); Shepherd v. Wilson, 663 F. App'x 813, 817–18 (11th Cir. 2016).  "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 685 (11th Cir. 2013); Daker v. Dozier,

3

No. 6:18-cv-32, 2019 WL 1421155, at *2–3 (S.D. Ga. Mar. 29, 2019) (denying plaintiff's request for an extension where plaintiff failed to show he was diligent).

Plaintiff fails to show good cause for the Court to extend Plaintiff's time to amend his Complaint.  On November 20, 2020, the Court ordered Plaintiff to file an Amended Complaint within 14 days of its Order.  Therefore, Plaintiff's Amended Complaint was due on December 4, 2020.  Plaintiff filed this Motion for Additional Time to Amend on December 7, 2020, indicating he received the Order requiring him to amend his Complaint approximately seven days earlier.  Plaintiff does not explain what steps he took to meet the December 4, 2020 deadline.  Plaintiff merely states in conclusory fashion he needed more time to comply with the Court's Order.  Plaintiff fails to provide any discernible reason for the request.

Perhaps more importantly, Plaintiff has failed to comply with the Court's Order, despite having ample time to do so.  On December 18, 2020, the Court received Plaintiff's "Second Supplement to Original Complaint."[3]  Doc. 26.  As explained below, Plaintiff's Second Supplement fails to comply with the Court's Order, and it is not even clear if Plaintiff intended the filing to be an attempt at an Amended Complaint.  Plaintiff took no further action to amend his Complaint for several months.  The case was stayed in March 2021 and remained stayed until April 2023.  Docs. 32, 41.  During the stay, Plaintiff attempted to file another "supplement" to his Complaint, but that attempt was rejected because the case was stayed.  Docs. 35, 36.  Plaintiff has made no effort to comply with the Court's Order requiring him to amend his Complaint in the months since the stay was lifted in April 2023.  In short, Plaintiff has had several months of active litigation to comply with the Court's Order requiring him to amend his Complaint, but he

---

[3]   It is unclear when Plaintiff actually sent this document to the Court.  The document bears two dates—March 15, 2019 and October 1, 2020—neither of which appear to be the date Plaintiff sent the document to the Court.

has failed to do so.  Ultimately, Plaintiff has not demonstrated any good cause to allow more time for him to amend his Complaint.  Plaintiff has failed to show he has exercised any diligence in the time leading up to the Court's deadline or in the time since.  Accordingly, I **DENY** Plaintiff's Motion for Additional Time to Amend.

As noted, Plaintiff filed a "Second Supplement to Original Complaint" on December 18, 2020.  Doc. 26.  This Second Supplement does not comply with the Court's Order requiring Plaintiff to amend, and it is not clear Plaintiff even intended the filing to serve as an Amended Complaint.  Plaintiff's Second Supplement only concerns one Defendant, Hattie Sullivan.  It appears Plaintiff intends for the Second Supplement to respond to Hattie Sullivan's motion to dismiss filed on November 18, 2020.  Doc. 17.  Plaintiff's Second Supplement includes factual allegations about events from 2015 through 2019.  Id. at 4–6.  Plaintiff numbered his paragraphs and claims, but some numbers are missing, indicating Plaintiff intended to incorporate his original Complaint or some other document.

Plaintiff's supplement is improper.  Parties must request leave of court under Federal Rule of Civil Procedure 15(d) before filing a supplemental pleading.  See Clark v. United Parcel Serv., Inc., No. 119CV02874, 2019 WL 13292994, at *3 (N.D. Ga. Dec. 17, 2019), report and recommendation adopted, 2020 WL 13682483 (N.D. Ga. Jan. 10, 2020) ("Instead of moving the Court for leave to file a Supplemental Complaint, [plaintiff] simply filed it.  Because plaintiff did not follow Rule 15(d) and seek the Court's leave to file a Supplemental Complaint, it should be struck.").  Also, a supplemental pleading must set out "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Plaintiff's Second Supplement is improper because he failed to move for leave to file a

5

Supplemental Complaint and because the Second Supplement concerns facts that occurred long before Plaintiff filed his original Complaint.

To the extent Plaintiff intended his "second supplement" to be an Amended Complaint, it is untimely. As explained above, the Court ordered Plaintiff to file an Amended Complaint by December 4, 2020, but the Second Supplement was filed after that date. Plaintiff has not shown good cause for the Court to extend that deadline. If Plaintiff intended the Second Supplement to be a response to Defendant Sullivan's motion to dismiss, Plaintiff was permitted to file his amendment as a matter of course, but he had to do so within 21 days after service Defendant Sullivan's motion to dismiss. Fed. R. Civ. P. 15(a)(1). Defendant Sullivan served her motion to dismiss on November 18, 2020, but Plaintiff's Second Supplement was not received until nearly a month later. Accordingly, I **STRIKE** Plaintiff's "Second Supplement to Original Complaint."

## II.     Request for Change of Venue

Plaintiff requests a change of venue to the District Court for the District of Columbia because Plaintiff is "presently transitioning" to Washington, D.C., and he "enjoys more resources" there. Doc. 22 at 4.

The first step is to decide a motion to transfer is to determine whether the case may have been brought in the proposed forum. 28 U.S.C. §§ 1404(a), 1406(a); see also Meterlogic, Inc. v. Copier Sols., Inc., 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002) ("The first threshold consideration when deciding the merits of a motion to transfer is whether the case may have been brought in the desired district of transfer . . . ."); Roether v. Georgia, No. 221-CV-083, 2022 WL 1477436, at *5 (S.D. Ga. May 10, 2022), appeal docketed, No. 22-13731 (11th Cir. Nov. 8, 2022). A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

6

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "[T]he party requesting a transfer to an alternative forum bears the burden to show that the transfer is warranted."  Barrett v. United Ins. Co. of Am., Inc., No. 4:17-CV-215, 2018 WL 11440992, at *3 (S.D. Ga. Dec. 19, 2018) (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)).

Plaintiff fails to show this case may have been brought in the District Court for the District of Columbia.  Plaintiff fails to connect any of the Defendants or events giving rise to his claims with Washington, D.C.  Accordingly, I **DENY** Plaintiff's Motion to Transfer Venue to the District Court for the District of Columbia.

### III.    Request for Criminal Investigation

Plaintiff demands a criminal investigation based on his allegations.  "The law is well-settled that a private citizen 'has no judicially cognizable interest' in the criminal investigation or prosecution of another."  Whigum v. Florida, No. 3:10CV442, 2010 WL 4683937, at *2 (N.D. Fla. Nov. 3, 2010) (quoting Otero v. U. S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987)), report and recommendation adopted, 2010 WL 4683940 (N.D. Fla. Nov. 10, 2010).  Thus, I **DENY** Plaintiff's Motion for Official Criminal Investigation because Plaintiff lacks standing to initiate any criminal investigation.

### CONCLUSION

For the foregoing reasons, I:

(1)    **DENY** Plaintiff's request for additional time to amend his complaint and **STRIKE** Plaintiff's Second Supplement to Original Complaint;

(2)  **DENY** Plaintiff's Motion to Move Venue to Washington, D.C.; and

(3)  **DENY** Plaintiff's Motion for Official Criminal Investigation.

**SO ORDERED**, this 4th day of December, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA