```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF GEORGIA
                       AUGUSTA DIVISION
```

| | | |
|---|---|---|
| WIHLY HARPO-BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 120-137 |
| | * | |
| DANIEL J. CRAIG, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## O R D E R

This matter is before the Court on its own accord. For the following reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

On September 30, 2020, Plaintiff filed a fifteen-page complaint with more than eighty pages of exhibits attached. (Doc. 1.) Plaintiff's Complaint names at least thirty-five Defendants, including state and federal judges, the Governor of Georgia, deputy marshals, insurers, county commissioners, private individuals, and corporations. (Id. at 2-3, 5.) The Complaint is difficult to follow, in part because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322 (11th Cir. 2015). For this reason, the Court previously

labeled Plaintiff's Complaint as "the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals," thoroughly explained why, and directed Plaintiff to cure the Complaint's deficiencies by filing an amended complaint within fourteen days. (Doc. 18, at 1, 3-5.) The Court's Order was entered November 20, 2020, so Plaintiff had through December 4, 2020 to file an amended complaint that complied with the Federal Rules of Civil Procedure. (Id. at 4-5.)

On December 7, 2020, Plaintiff filed a motion requesting additional time to amend his Complaint, the recusal of District Judge R. Stan Baker and Magistrate Judge Brian K. Epps, a transfer of venue to the United States District Court for the District of Columbia, and a criminal investigation of various courts of Georgia and the United States. (Doc. 22.) On December 4, 2023, the Court found "Plaintiff fail[ed] to show good cause for the Court to extend Plaintiff's time to amend his Complaint" and denied Plaintiff's motion for additional time to amend. (Doc. 47, at 3-5.) Additionally, Plaintiff's December 7, 2020 motion (Doc. 22) served as the basis for a criminal case against Plaintiff. United States v. Harpo-Brown, No. CR 121-002 (S.D. Ga. Feb. 14, 2022). Plaintiff moved to stay this case while the criminal case was pending, and the Court granted the stay on March 15, 2021. (Docs. 28, 32.) Plaintiff's criminal case was resolved on February 14,

2022, and the Court lifted the stay in this case on April 27, 2023. Harpo-Brown, No. CR 121-002, Doc. 126; (Docs. 41, 48.)

Since the Court ordered Plaintiff to file an amended complaint, he has filed numerous motions and other documents. (Docs. 19, 20, 22, 23, 24, 25, 26, 28, 35, 37, 38, 40, 41, 42, 43, 45, 49.) Four documents were filed while the case was stayed (Docs. 35, 37, 38, 40), and four have been filed in the six months since the stay was lifted (Docs. 42, 43, 45, 49). However, to date, Plaintiff has not filed an amended complaint in compliance with the Court's November 20, 2020 Order.

## II. DISCUSSION

The Court finds this case should be dismissed without prejudice because Plaintiff failed to follow the Court's November 20, 2020 Order (Doc. 18). A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011). Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims if he fails to prosecute them, comply with the Federal Rules of Civil Procedure, or follow a court order. FED. R. CIV. P. 41(b); Coleman, 433 F. App'x at 718. Moreover, under Local Rule 41.1:

3

> [T]he assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice: [for] . . . [w]illful disobedience or neglect of any order of the Court[] or . . . [a]ny other failure to prosecute a civil action with reasonable promptness.

L.R. 41.1, SDGa.

Dismissal with prejudice for failure to follow a court order requires "a clear record of willful conduct and . . . a finding that lesser sanctions are inadequate." Clayton v. Williams, No. 6:17-cv-70, 2017 WL 4857439, at *3 (S.D. Ga. Oct. 27, 2017) (quoting Baltimore v. Jim Burke Motors, Auto., 300 F. App'x 703, 707 (11th Cir. 2008)) (internal quotation marks omitted). Dismissal without prejudice, however, does not mandate such a strict showing because it "is not an adjudication on the merits." Id. (citing Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007); FED. R. CIV. P. 41(b)). Ultimately, whether to dismiss a complaint for failure to follow a court order is within the district court's discretion. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citation omitted).

While the Court exercises its discretion to dismiss cases with caution, the Court finds dismissal of this action without prejudice appropriate. On November 20, 2020, the Court found Plaintiff's Complaint to be a shotgun pleading and ordered Plaintiff to file an amended complaint within fourteen days curing

4

the deficiencies the Court identified. (Doc. 18.) The Court also warned Plaintiff that failure to comply with the Court's Order could result in dismissal of this case. (<u>Id.</u> at 4-5.) It has been three years since the Court ordered Plaintiff to file an amended complaint, and Plaintiff has yet to comply. Although this case was stayed on March 15, 2021 (Doc. 32) — over three months after Plaintiff's December 4, 2020 deadline to file an amended complaint — Plaintiff had not filed an amended complaint before then, nor has Plaintiff filed one since the stay was lifted on April 27, 2023 (Doc. 41). Because Plaintiff has failed to file an amended complaint complying with the Court's November 20, 2020 Order, the Court finds dismissal without prejudice appropriate. See <u>Brown v. Tallahassee Police Dep't</u>, 205 F. App'x 802, 802-03 (11th Cir. 2006) (holding district court did not abuse its discretion by dismissing case without prejudice for failure to follow a court order where plaintiff did not follow court's instructions to amend complaint and court informed plaintiff noncompliance could result in dismissal).

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to

5

**TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of January, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA